UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00499-FDW-DSC

| | |
|---|---|
| JARVIS BERNARD BITTLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| N.C. UNEMPLOYMENT DIVISION ) | |
| PANDEMIC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of the pro se Amended Complaint [Doc. 11], a "Miscellaneous Filing" recently filed by Plaintiff [Doc. 12], and Plaintiff's recent conduct at the United States Courthouse in Charlotte, North Carolina. The Plaintiff is proceeding *in forma pauperis.* [Doc. 7].

**I.     BACKGROUND**

The pro se Plaintiff, who resides in Charlotte, filed this action against "N.C. Unemployment Division Pandemic," an apparently non-existent entity that he alleges is in Raleigh and Charlotte, North Carolina. [Doc. 1 at 1-2]. He failed to state whether he purports to proceed based on federal question or diversity jurisdiction, but alleged that "a petition to unemployment of N.C. for Amendment 7 by mistake of them not giving me the pandemic payments" is the federal statute or Constitutional provision at issue. [Id. at 3 (errors uncorrected)]. On October 12, 2022, the Court dismissed the Complaint on initial review and granted the Plaintiff the opportunity to amend. [Doc. 7]. The Court noted that the Plaintiff had recently filed at least four similarly

deficient actions,[1] and cautioned the Plaintiff that "**the repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit the Plaintiff's ability to file further lawsuits in this Court**." [Id. at 4]. The Amended Complaint is now before the Court for initial review.

The Plaintiff again fails to identify any basis for this Court's jurisdiction. [Id. at 3-4]. He claims:

> Well during 2019, 2020, 2021, I was receiving unemployments benefits During these years I was homeless During this time I got oppressed by strangers, people I talked to socialize with. During this time I was oppressed, and my privacy act was violated. And In 2021 I was suppose to recevie the gov. POA. From the month of April when it started until Sept. 4 of 2021 instead I recevied just regular state I was suppose to get the same qulafications as of last quater, because of the POA extension.

[Id. at 4 (errors uncorrected)]. He seeks "over [$]11,000" in damages. [Id.].

The Plaintiff has also filed in three of his pending cases a "Miscellaneous Filing" on an § 1983 Complaint form. [See Doc. 12]. In the Miscellaneous Filing in the instant case, he names as Defendants: Curtis Peatross, Sylvester Huff, and Sigis El Owl, for whom he provides Charlotte addresses. [Id. at 2-3]. He again states no basis for the Court's jurisdiction. [Id. at 3]. He claims that these individuals "used spoofing techniques and call forwarding and email zapping to take & use information from [Plaintiff] without [his] consent" during periods when he was homeless between 2019 and 2021. [Id. at 4]. As injury, he claims "Lack of spiritual energy, lack of money, lack of business information. Getomtry speaking information & gon info & potery decreased energy, lack of nutrients, a damaged car total loss. Distress, physical strength and caused homelessness longer." [Id. at 5 (errors uncorrected)]. He seeks the following relief: "Wanting all

---

[1] See Case Nos. 3:22-cv-499-FDW-DCK, 3:22-cv-500-FDW-DSC, 3:22-cv-514-MOC-DSC, 3:22-cv-521-FDW-DCK.

of my information back, my money back 2019, 2020, 2021 3 years from unemployment. And also. My vehicle total loss $10,000, a permanent non contact order also on all their family and friends." [Id. at 5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Amended Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

A pro se complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a pro se complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

In the Amended Complaint, the Plaintiff has, again, stated no basis for this Court's jurisdiction. The parties are not diverse, the Plaintiff has not satisfied the amount in controversy requirement, and he has identified no federal question. This action will, therefore, be dismissed without prejudice for lack of jurisdiction.

It appears that the Plaintiff may have filed the "Miscellaneous Filing" in three pending

cases to avoid the Court's prior warning about filing additional frivolous actions.[2] [See Doc. 7]. The "Miscellaneous Filing" will, therefore, be stricken. The Plaintiff is cautioned that all future filings must refer only to one case number. Any documents that are addressed to more than one case number or are otherwise improper or abusive will be docketed for administrative purposes only and will be returned to the Plaintiff.

**The Plaintiff is again cautioned that the repeated filing of frivolous actions may result in the imposition of sanctions and/or prefiling injunctions that would limit the Plaintiff's ability to file further lawsuits in this Court**.

## IV. COURTHOUSE ACCESS

The Court is also advised that beginning on September 26, 2022, when Plaintiff filed his first case with this Court, Plaintiff has raised serious concerns with the Clerk's Office, the Court Security Officers (CSOs), and the U.S. Marshals Service at the United States Courthouse in Charlotte, North Carolina. Plaintiff has been found bathing himself in the men's bathroom each time he visits the Courthouse and was found in a third-floor closet washing himself from a janitorial mop bucket. The CSOs have also advised that Plaintiff attempted to enter the Courthouse with pepper spray and a knife. Finally, the Court is also advised that Plaintiff has been repeatedly calling the chambers of another District Judge not assigned to any of Plaintiff's cases and leaving nonsensical voice messages.

Given Plaintiff's repeated improper uses of the Courthouse, harassing phone calls, and attempted entry with weapons, the Court will restrict Plaintiff's access to the Courthouse. Should Plaintiff need to file a document with the Court, he shall leave it at the Courthouse entrance with

---

[2] It would be unavailing to have the Miscellaneous Filing opened as a new civil case, as it sets forth no basis for the Court's jurisdiction and the allegations are so outlandish and deficient that amendment would be futile.

4

security personnel. The Plaintiff shall not be allowed entry into the Courthouse unless or unless the Court modifies this Order. If Plaintiff has any questions of the Clerk's Office, security personnel will contact the Clerk's Office and a staff member will meet Plaintiff at the Courthouse entrance with security personnel present or Plaintiff will be allowed to speak telephonically to Clerk's Office staff from the security post at the Courthouse entrance.

V. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the "Miscellaneous Filing" [Doc. 12] is **STRICKEN**.

**IT IS FURTHER ORDERED** that Plaintiff's access to the United States Courthouse in Charlotte, North Carolina, is hereby **RESTRICTED** in the accordance with the terms of this Order.

The Clerk is directed to send a copy of this Order to the Court Security Officers at the Charlotte Courthouse and the United States Marshals Service.

The Clerk is instructed to close this case.

Signed: October 27, 2022

Frank D. Whitney
United States District Judge